**Original filed 3/21/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VIET MIKE NGO, | ) | No. C 04-5070 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | ) | |
| | ) | |
| J. WOODFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | (Docket No. 4) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against San Quentin State Prison officials. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. Plaintiff also filed a motion for appointment of counsel and a notice of submitted matters. The Court will DENY Plaintiff's motion to appoint counsel (docket no. 4) without prejudice. The Court will order service of the complaint on the Defendants.

\\\

\\\

\\\

\\\

**DISCUSSION**

A.  The Merits

    **1.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. Paul v. Davis, 424 U.S. 693, 697 (1976).

    **2.  Plaintiff's Claim**

Plaintiff alleges that San Quentin State Prison practices racial segregation of inmates in housing and during lock-downs in violation of the Fourteenth Amendment. Plaintiff claims that the California Department of Corrections ("CDC") and San Quentin State Prison also discriminate against certain ethnic groups by recognizing certain ethnic groups and giving them separate status while failing to recognize other ethnicities such as Jews, thereby denying them equal protection. Plaintiff maintains that San Quentin practices segregation in its discipline of inmates during lock-downs by punishing entire racial/ethnic groups. The CDC and San Quentin assign inmates racial or ethnic designations according to the CDC Operation's Manual section 73010 under the heading "Ethnicity." Plaintiff claims that this segregation occurs in San Quentin North Block Housing Unit among mainline inmates who have been classified and housed at San Quentin well beyond the initial sixty-day period. See Complaint at 4.

1    Plaintiff, an inmate serving a life term, contends that the practice of assigning
2 ethnic categories to inmates and using the categories for racial segregation in housing is
3 unconstitutional and anti-ethical to the ideals of a free society.  Furthermore, denying
4 Jews a distinct status like "other" and classifying them as "white" denies a class of
5 persons which historically has been subject to discrimination and prejudice.  Plaintiff
6 maintains that labeling Jews as "whites" segregates them with "Skinheads," "White
7 Supremacists," "Neo-Nazis" and various anti-Semitic elements.  This practice of
8 segregating inmates at San Quentin housing and during lock-downs does not serve any
9 bona fide security needs.  See Complaint at 4.
10   Plaintiff names the following Defendants: J.S. Woodford, Director of the CDC and
11 former Warden at San Quentin State Prison; A.P. Kane, Warden at the Correctional
12 Training Facility at Soledad and former Chief Deputy Warden at San Quentin; and J.
13 Nunez, Correctional Captain in San Quentin's North Block where Plaintiff was housed.
14 Plaintiff contends that the Defendants approved, authorized and implemented double-
15 celling by race in North block and authorized lock-downs of ethnic groups in North
16 Block.  Plaintiff seeks declaratory and injunctive relief against San Quentin's and the
17 CDC's practice of routine racial segregation in double-celling on mainlines and of ethnic
18 lock-downs.  Plaintiff also seeks monetary damages for a violation of his rights.  See
19 Complaint at 4-5.
20   After filing administrative grievances, Plaintiff sought relief in the Marin Superior
21 Court in a petition for a writ of habeas corpus.  After an evidentiary hearing reviewing the
22 prison segregation policies, the trial court denied Plaintiff's petition on December 23,
23 2003.  See Complaint, Attachment A (Order Denying Application for Writ of Habeas
24 Corpus, In the Matter of Mike Viet Ngo, Marin County Superior Court Case no.
25 SC122264A, December 23, 2003).
26   "Prisoners are protected under the Equal Protection Clause of the Fourteenth
27 Amendment from invidious discrimination based on race."  Wolff v. McDonnell, 418
28 U.S. 539, 556 (1974) (citation omitted).  Invidious racial discrimination such as racial

segregation, which is unconstitutional outside prisons, also is unconstitutional within prisons. See Johnson v. California, 543 U.S. 499, 505-06 (2005). A prison classification based on race is immediately suspect and is subject to the same strict scrutiny as a racial classification outside prison. See id. at 508-10. Prison officials must therefore demonstrate that the race-based policy or action is narrowly tailored to serve a compelling state interest. Id. at 510-11. Johnson did not rule out race-based classifications and did not eliminate prison security as a reason for such classifications, but instead determined that prison officials must demonstrate that race-based policies are narrowly tailored to address a compelling government interest such as prison security. See id. at 511-13, 513; see also id. at 515 (remanding case for determination of whether CDC's policy of temporarily segregating inmates by race when they arrive in the prison system initially or are transferred to a new prison is narrowly tailored to serve a compelling state interest). The Court concludes that Plaintiff's allegations present a cognizable Equal Protection claim.

B.   Motion for Appointment of Counsel

Plaintiff filed a motion for appointment of counsel. Plaintiff requests appointment of counsel because he is unable to afford counsel, his case presents complex questions of law and fact, and the case is meritorious. See Plaintiff's Mot. at 1-4. Additionally, Plaintiff states that he has an attorney willing to be appointed to his case.

There is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate

his claims pro se in light of the complexity of the legal issues involved.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  Id.  Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).  The Court has ordered service of the complaint, Plaintiff has aptly presented his claim so far, and the claim appears relatively straightforward.  Accordingly, the Court concludes that appointment of counsel is not necessary at this time.  Plaintiff's motion (docket no. 4) is DENIED without prejudice.

## CONCLUSION

1. Plaintiff's motion for appointment of counsel (docket no. 4) is DENIED without prejudice.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this order on all named Defendants.  The Clerk shall also serve a copy of this order on Plaintiff.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion, or shall notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

   **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the**


**opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on Plaintiff.

  b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

(per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

        c.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

        d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendants' counsel.

5.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and the parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

IT IS SO ORDERED.

DATED: 3/20/06

JEREMY FOGEL
United States District Judge

1   This is to certify that on _____, a copy of this ruling was mailed to the following:
2
3
4   Viet Mike Ngo
    E-21895
    CTF - Soledad
5   P.O. Box 689
    Soledad, CA  93960-0689
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28